```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
```

DAVID LAWRENCE,

        Plaintiff,

v.                                        **MEMORANDUM AND ORDER**
                                              16-CV-1515 (WFK)(LB)

TONY ZEE; MICHAEL MANNING;
JOHN DOE(S), WRONGDOER(S),

        Defendants.
```
-----------------------------------------------------------x
```
**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is *pro se* plaintiff David Lawrence's ("Plaintiff's") Preliminary Injunction and Order to Show Cause for Temporary Restraining Order filed on March 28, 2016. The Court held a hearing on Plaintiff's motion on April 6, 2016. For the reasons set forth below, the Court hereby DENIES Plaintiff's motion seeking a Preliminary Injunction and Order to Show Cause for a Temporary Restraining Order.

**I.   Background**

On March 28, 2016, *pro se* plaintiff David Lawrence ("Plaintiff") filed this action alleging that on March 14, 2016, Plaintiff was arrested and detained for six hours, and Plaintiff's vehicle was seized in violation of his constitutional rights. ECF No. 1 ("Complaint"). Plaintiff brings this action against Tony Zee, a police officer with the Village of Lynchbrook; Michael Manning, the owner of a towing company; and other unknown parties (collectively, "Defendants"). *Id.*

Plaintiff also sought a Preliminary Injunction and Order to Show Cause for Temporary Restraining Order on March 28, 2016. ECF No. 3. Plaintiff alleges that on March 25, 2016, he received a notice dated March 15, 2016, stating: "The Village of Lynchbrook shall acquire title to this vehicle unless claimed within (10) days of the above date. In such event, the vehicle will

1

be either destroyed or the title transferred to another party." *Id.*, Ex. B. Plaintiff seeks the "immediate release of [his] property," namely, the vehicle that was seized on March 14, 2016, and also requests that "Manning and his agents cease and desist their threats to extort fee for unsolicited services." ECF No. 3 at 3. Plaintiff further seeks "the amount due for the trespass and unlawful administration of [his] property." *Id.*

On April 6, 2016, the Court held a hearing on Plaintiff's Preliminary Injunction and Order to Show Cause for Temporary Restraining Order. At the hearing, Plaintiff appeared *pro se* and called a single witness, Yonette Lawrence. Steven Levy appeared as counsel for Defendant Zee. Later the same day, Plaintiff filed a letter with the Court requesting "immediate ruling of the proposed order" because "Mr. Manning has ignored the Court order." ECF No. 10 ("Letter"). "Most importantly," Plaintiff stated, "there is no affidavit given to is [*sic*] a man, David from the wrongdoers." *Id.*

## II. Legal Standard

Temporary restraining orders ("TRO") and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). "The standards for granting a TRO are the same as those governing preliminary injunctions." *Javino v. Pergament*, 13-CV-1951, 2013 WL 1952639, at *1 (E.D.N.Y. May 10, 2013) (Kuntz, J.). The standards require the moving party to demonstrate the following: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *County of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008) (quoting *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476 (2d Cir. 2004)). The movant must carry the burden of persuasion by a clear showing, and "[t]he

district court has wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consolidated Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005).

### III. Analysis

Plaintiff has failed to make a clear showing that he is entitled to the extraordinary relief he seeks. Plaintiff has not shown that he will suffer from irreparable harm in the absence of a preliminary injunction. Plaintiff has also failed to demonstrate sufficiently serious questions going to the merits, let alone a likelihood of success on the merits.

Plaintiff presents no evidence, either in his papers or during the hearing, indicating any harm from the impoundment of his vehicle and his inability to access his vehicle. Moreover, the record indicates that there are several reasonable explanations for Defendants to have approached and impounded Plaintiff's vehicle. *See, e.g.*, Complaint, Exs. C-J (submitting as evidence several Vehicle and Traffic summonses for, *inter alia*, uninspected motor vehicle, unregistered motor vehicle, operating a vehicle without insurance, and aggravated unlicensed operation of a vehicle in the second and third degrees, which Plaintiff received from the traffic incident at issue). Thus, Plaintiff's claims against Defendants do not show irreparable harm, nor do they show a likelihood of success or sufficiently serious questions on the merits.

Accordingly, the Court DENIES Plaintiff's motion seeking an Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction.

**SO ORDERED.**

s/ WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: April 26, 2016
Brooklyn, New York

3